# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

INNOVATION VENTURES, L.L.C. f/d/b/a
LIVING ESSENTIALS, a Michigan
limited liability company,

       Plaintiff/Counter-Defendant,

   v.

CUSTOM NUTRITION LABORATORIES, L.L.C.,
a Texas limited liability company,

       Defendant,

   and

NUTRITION SCIENCE LABORATORIES, L.L.C., a
Texas limited liability company,
and ALAN JONES,

       Defendants/Counter-Plaintiffs.
                                           /

Case No. 12-13850
Hon. Terrence G. Berg

## ORDER RESOLVING MOTIONS IN LIMINE

Pending before the Court are the parties' unresolved motions in limine, including: (1) Plaintiff's motion challenging Defendants' desired jury instructions (Dkt. 236); (2) Plaintiff's motion seeking to exclude Jones from testifying as an expert and from testifying as to his intent (Dkt. 240); and (3) Defendants' motion to exclude evidence of mediation communications (Dkt 249). The Court will address each motion in turn.

**A. Motion to Exclude Contested Jury Instructions (Dkt. 236)**

Defendants seek a jury instruction directing the jurors to construe § 5(c)(i) of the Settlement Agreement narrowly. Defendants are correct in observing that "Michigan law commands the courts to narrowly construe restrictive covenants." *Whirlpool Corp. v. Burns*, 457 F. Supp. 2d 806, 812 (W.D. Mich. 2006); *Mapal, Inc. v. Atarsia*, No. 15-CV-12159, 2015 WL 7717185, at *3 (E.D. Mich. Nov. 30, 2015). However, the Court has not found, and Defendants have not provided, any authority that requires the Court to instruct a jury to interpret restraints of trade narrowly.[1] Such an instruction would be difficult for the jury to apply and potentially unduly prejudicial to Plaintiff. Interpreting language "narrowly" is a judicial or lawyerly function falling outside the ken of the average juror. Merely endeavoring to explain what it means to "narrowly construe" contract language would necessarily bias the jurors in one direction, rather than encouraging them to fairly and impartially determine the facts, as is their proper function. Consequently, the Court will not issue this instruction.

Consistent with this approach, the Court also declines to give Defendants' proposed instruction to the effect that the jury should construe any ambiguity in § 5(c)(i) against Plaintiff. Under the *contra proferentem* rule, the jury construes an

---

[1] The Court has found authority holding that is not an abuse of discretion to decline to give such an instruction. *See Inver Grove Heights Mkt. Place, LLC v. ANC Foods III, Inc.*, No. A07-1197, 2008 WL 2574482, at *6 (Minn. Ct. App. July 1, 2008) (holding that district court did not unfairly present the law of contract interpretation by omitting to instruct the jury that restraints on trade are to be strictly construed); *see also Bybee v. Isaac*, 145 Idaho 251, 258-59 (2008) (holding that under Idaho law, a jury instruction informing jurors to narrowly construe non-compete contracts was not required).

ambiguity against a drafter only if "after the jury has considered all conventional means of contract interpretation and all relevant extrinsic evidence, it is still unable to determine what the parties intended[.]" *Klapp v. United Ins. Grp. Agency, Inc.*, 468 Mich. 459, 480-81 (2003). However, this rule "has no application where, as here, the ambiguous provisions . . . were negotiated by the contracting parties." *Stryker Corp. v. XL Ins. Am., Inc.*, No. 4:01-CV-157, 2006 WL 1997142, at *16 (W.D. Mich. July 14, 2006). Accordingly, Plaintiff's motion in limine to exclude these jury instructions (Dkt. 236) is **GRANTED**.

### B. Motion to Exclude Jones's Testimony (Dkt. 240)

Plaintiff's second outstanding motion in limine seeks to prohibit Defendant Alan Jones from testifying as an expert or from testifying as to his intent in signing the Settlement Agreement. The Court has already ruled that Jones does not have the required "scientific, technical, or other specialized knowledge" to testify as an expert under Fed. R. Evid. 702. The remaining question is whether Jones, as a lay witness, can offer testimony as to his intent, understanding, and interpretation of § 5(c)(i) as a party to the agreement.

"The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties. To this rule all others are subordinate." *McIntosh v. Groomes*, 227 Mich. 215, 218 (1924). Plaintiff insists that because Michigan applies the "objective theory" of contract interpretation, Jones's testimony on his intended meaning for § 5(c)(i) constitutes impermissible "unexpressed subjective intent."

Under the objective theory, parties to a contract are barred from rendering an otherwise unambiguous contract ambiguous based on the parties' subjective interpretations of the contract. *See Jarallah v. Thompson*, 123 F. Supp. 3d 719, 726 (D. Md.) (applying Maryland law), *aff'd*, 627 F. App'x 185 (4th Cir. 2015) ("Under the objective theory of contract interpretation, unambiguous contract terms are given their plain meaning, regardless of the parties' intentions at the time the contract was formed.").

The objective approach also prohibits courts from considering the parties' subjective intent to determine whether a valid contract exists. *See* 5A Mich. Civ. Jur. Contracts § 35 ("To determine whether there is mutual assent to a contract, the objective theory of assent is followed, focusing on how a reasonable person in the position of the promisee would interpret the promisor's statements or conduct. The objective standard looks to the expressed words of the parties and to their visible acts.").

However, where a contract is found to be ambiguous, Michigan law "permits extrinsic evidence, presumptions and inferences to be received as an aid to contract interpretation[.]" *Midwest Healthplan, Inc. v. Nat'l Med. Health Card Sys., Inc.*, 413 F. Supp. 2d 823, 828 (E.D. Mich. 2005). Courts may therefore rightfully allow parties to testify as to their intent in order to assist the jury in construing an ambiguous contract. *United States v. Tennessee*, 632 F. Supp. 2d 795, 800 (W.D. Tenn. 2009) ("In addressing a contractual ambiguity, 'a court is permitted to use

parol evidence, including the contracting parties' conduct and statements regarding the disputed provision, to guide the court in construing and enforcing the contract.'").

The Sixth Circuit recognized in *Consol. Rail Corp. v. Grand Trunk W. R. Co.*, 607 F. App'x 484, 494-95 (6th Cir. 2015) that, despite Michigan's objective test, a district court does not abuse its discretion by allowing the parties to testify as to their intent where the contract is ambiguous. The contract at issue in this bifurcated proceeding is ambiguous; the intent of the parties is relevant to assist the jury in understanding the meaning of its terms.

Accordingly, Jones's testimony as to his intent may be offered as permissible extrinsic evidence to assist the jury in construing § 5(c)(i). Plaintiff's motion (Dkt. 240) is therefore **GRANTED IN PART**, in that Jones may not offer expert opinion testimony, and **DENIED IN PART** in that Jones may testify as to his understanding, intent, and interpretation of § 5(c)(i) as a party to the contract.

### C. Motion to Exclude Communications Made During Mediation (Dkt. 249)

Defendants' sole remaining motion in limine seeks to exclude evidence of communications and statements by the parties which were made during the course of mediation. Plaintiff and Defendants Custom Nutrition and Jones conducted two mediation sessions in Texas prior to reaching the Settlement Agreement at issue here. Texas law bars communications that take place during mediation from being

5

admitted as evidence in subsequent judicial proceedings. Tex. Civ. Prac. & Rem. Code § 154.073.

Plaintiff asks this Court to sweep aside the Texas law, arguing that it is merely a procedural rule that is inapplicable in federal court. But federal courts have applied § 154.073 as a mediation privilege in diversity cases. *See Language Connect Int'l, Ltd. v. Iverse Media*, No. 15-CV-00236-XR, 2016 WL 1466567, at *2 (W.D. Tex. Apr. 14, 2016). "Federal Rule of Evidence 501 mandates that state privilege laws govern when a district court sits in diversity." *Id.* at *1; *see also Sec. Bank of Whitesboro v. Hudgins*, No. 4:95 CV 341, 1998 WL 34262016, at *11 (E.D. Tex. July 1, 1998); *Duininck Bros. v. Howe Precast, Inc.*, No. 4:06-CV-441, 2008 WL 4411608, at *1 (E.D. Tex. Sept. 23, 2008) ("Texas law governs the inquiry into Judge Grisham's suitability as a witness in this case.") (citing Fed. R. Evid. 501). As the Court sits in diversity, this Court must apply § 154.073.

Furthermore, contrary to Plaintiff's contention, none of the exceptions to § 154.073 apply in this case. Section 154.073 does not apply where there is a "new and independent tort committed during mediation." This exception applies, for example, where a party to a mediation later sues his own fiduciary in the prior mediation, *see Avary v. Bank of Am., N.A.*, 72 S.W.3d 779, 797-98 (Tex. App. 2002), or where a party institutes a malpractice action against the attorney who represented him in the prior mediation, *Alford v. Bryant*, 137 S.W.3d 916 (Tex. Ct. App. 2004).

6

The exception does not apply, however, where one party brings a subsequent action against the same parties with whom he participated in the prior mediation. The Court finds that Tex. Civ. Prac. & Rem. Code § 154.073 is a privilege that applies to the circumstances presented in this case. Therefore, pursuant to § 154.073, all statements made during the course of previous Texas mediation sessions are inadmissible. Defendants' motion (Dkt. 249) is **GRANTED**.

## CONCLUSION

For the reasons explained above, Plaintiff's motion to exclude contested jury instructions (Dkt. 236) is **GRANTED**. Plaintiff's motion to exclude Jones's testimony (Dkt. 240) is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion to exclude mediation communications (Dkt. 249) is **GRANTED**.

**SO ORDERED**.

Dated: May 6, 2016        s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that this Order was electronically submitted on May 6, 2016, using the CM/ECF system, which will send notification to all parties.

                          s/A. Chubb
                          Case Manager