**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

INNOVATION VENTURES, LLC.,

        Plaintiff,

v.

CUSTOM NUTRITION LABORATORIES, LLC., NUTRITION SCIENCE LABORATORIES, LLC., and ALAN JONES,

        Defendants.

Case No. 12-13850
Hon. Terrence G. Berg

**ORDER REGARDING PARTIES' STIPULATION TO RESOLVE CASE AND PROPOSED JUDGMENT**

The Court recently entered an order resolving the Parties' cross-motions for summary judgment. Dkt. 343.[1] In that order, the Court ruled that Plaintiff could not pursue two damages theories available in patent-infringement cases (a market-share calculation for lost profits, and a reasonable royalty) as remedies for its breach of contract claim against Defendants because Plaintiff had not demonstrated that Michigan contract law permits use of those damages theories. Dkt. 343, Pg. IDs 20,722-20,724. But the Court did not preclude Plaintiff from pursuing its actual damages at trial through

---

[1] For a summary of the facts of this case, see Dkt. 343. For an in-depth recitation of those facts, see Dkt. 219.

other methods of calculation—methods not specific to patent law. Dkt. 343, Pg. ID 20,724, n.8.

The order also granted summary judgment in favor of Defendants on several other of Plaintiff's causes of action. Dkt. 343, Pg. IDs 20,728-20,741. The remaining claims include Count I (breach of contract against both NSL and Alan Jones based on their breach of the Settlement Agreement's "choline family" restriction) and Count III (breach of contract against Jones based on his agreement not to cooperate with parties adverse to Plaintiff in litigation).

The Parties have since contacted the Court and indicated that they have reached a stipulated judgment which, if entered, will resolve the case. But the Parties also indicated that their resolution is not really intended to settle the case, but rather to permit both sides to immediately appeal a number of this Court's orders. In support of this plan, the Parties submitted a stipulation and a proposed judgment (copies of which are attached to this Order).

The Court held an on-the-record telephonic conference on June 23, 2017 in order to discuss these documents with the Parties, to ensure that everyone understood what was happening, and to flesh out the potential ramifications of resolving the case this way.

In the stipulation, Defendants have agreed to the entry of a judgment in Plaintiff's favor on Count I (Defendants' breach of the "choline family" restriction), and in exchange Plaintiff has agreed to an

2

award of nominal damages—and nominal damages only—in the amount of $1. Plaintiff has also agreed to dismiss Count III with prejudice. The Parties have further agreed that their stipulation does not trigger a portion of the contract related to attorney's fees. And the Parties have agreed that the nominal-damages award does not constitute the type of prejudice needed for Defendants to be able to invoke their laches defense in an attempt to shield themselves from being held liable for breaching the "choline family" restriction.

Consequently, following the Court's entry of the Parties' proposed judgment, the case will be closed.

The unusual nature of this "settlement" prompts the Court to mention several concerns. The proposed judgment states that the Parties approve of the judgment "in form only" and preserve all rights of appeal. During the telephonic conference, the Court asked the Parties to clarify what they meant by "in form only," and they responded that the language was meant to preserve all issues on appeal. Although it is clear that the Parties wish to preserve all appellate rights, the Court is not certain that entering this proposed judgment will actually preserve those rights.

As the Court pointed out in the teleconference with the Parties, Plaintiff has stipulated to the award of nominal damages only, and is forgoing its opportunity to pursue actual damages at trial. Plaintiff notes that it made this choice because its expert witness

3

opined only on patent-infringement-specific methods of calculating actual damages (methods which the Court ruled Plaintiff could not pursue). Plaintiff stated that it therefore had no expert testimony available to prove actual damages, but did not address whether it could prove actual damages through other testimony, such as testimony of a corporate officer. In the Court's order resolving the Parties' cross-motions for summary judgment, and during the teleconference, the Court made it clear that Plaintiff could still pursue actual damages at trial. But Plaintiff has chosen to stipulate to a judgment awarding nominal damages. Whether Plaintiff may appeal anything related to seeking actual damages, after giving up its pursuit in favor of securing nominal damages, is unclear.

And Defendants have stipulated to entry of judgment in Plaintiff's favor on Count I, and therefore have admitted liability and have chosen to forgo pursuing any affirmative defenses. Defendants note that they did so because the proposed judgment awards only nominal damages. That may be the case, but the question of liability is separate from the question of damages. In a typical case where a defendant admits liability as part of a settlement agreement, that admission has no future effect on the case; the case is settled. But here, the next step is not to write a check and move on with other business, but to appeal a number of this Court's rulings—some of which relate to affirmative defenses.

Whether Defendants may appeal anything related to their affirmative defenses, after they have stipulated to entry of judgment in Plaintiff's favor (and thus have agreed that they are liable for breaching the "choline family" restriction), is also unclear.

Nevertheless, the Court will enter the proposed judgment. The Court discussed its concerns with the Parties during the June 23 telephonic conference. The Parties indicated that they understood the Court's concerns, but that they wished to have the judgment entered resolving the remaining claims so that they could pursue what they perceive to be their appellate rights. The decision concerning the scope of those rights, and the merits of any appellate arguments, rests appropriately with the Sixth Circuit.

Accordingly, Count III is **DISMISSED WITH PREJUDICE**, judgment is entered in Plaintiff's favor on Count I, and nominal damages are awarded to Plaintiff in the amount of $1. The Court will enter the executed version of the Parties' proposed judgment

**SO ORDERED.**

Dated: June 26, 2017    s/Terrence G. Berg
                                   TERRENCE G. BERG
                                   UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on June 26, 2017.

s/A. Chubb  
Case Manager